IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARTIN GREEN** | * | |
| | * | |
| v. | * | Civil Case No. GJH-16-385 |
| | * | |
| **COMMISSIONER, SOCIAL SECURITY** | * | |
| | * | |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-motions for summary judgment, and Mr. Green's reply. [ECF Nos. 12, 13, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the Commissioner's decision be reversed in part, and that the case be remanded to the Commissioner for further analysis.

Mr. Green filed an application for Disability Insurance Benefits ("DIB") on December 14, 2011, originally alleging a disability onset date of May 10, 2005.[1] (Tr. 136-39). His application was denied initially on March 23, 2012, and on reconsideration on September 11, 2012. (Tr. 66-72, 74-80). An Administrative Law Judge ("ALJ") held a hearing on June 9, 2014, at which Mr. Green was represented by counsel. (Tr. 31-65). Following the hearing, the ALJ determined that Mr. Green was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 15-30). The Appeals Council denied Mr. Green's request

---

[1] At his hearing, Mr. Green amended his alleged onset date to September 1, 2008. (Tr. 42-43). Because his date last insured was December 31, 2008, the ALJ had to consider disability within a four-month window.

for review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Green suffered from the severe impairments of degenerative disc disease and osteoarthritis. (Tr. 20). Despite these impairments, the ALJ determined that Mr. Green retained the residual functional capacity ("RFC") to "perform the full range of light work as defined in 20 CFR 404.1567(b)." (Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Green could perform his past relevant work as a car salesman and, alternatively, could perform other work existing in significant numbers in the national economy. (Tr. 25-26). Accordingly, the ALJ concluded that Mr. Green was not disabled. (Tr. 26-27).

Mr. Green disagrees. He raises two primary arguments on appeal: (1) that the ALJ did not adequately consider the Social Security Administration's prior determination that Mr. Green qualified for disability benefits as of March 1, 2009 (the date he applied for Supplemental Security Income benefits); and (2) the ALJ improperly evaluated Listing 1.04. Because I agree that the ALJ should have evaluated the prior disability determination, I recommend that the case be remanded to the Commissioner for additional explanation. In so recommending, I express no opinion as to whether the Commissioner's ultimate decision that Mr. Green was not entitled to benefits, was correct or incorrect.

On March 1, 2009, Mr. Green filed an application for Supplemental Security Income ("SSI"). [ECF No. 12-2]. On December 9, 2009, he received a letter notifying him that he had been found disabled and would receive SSI beginning April, 2009.[2] *Id.* The ALJ was aware of

---

[2] Although the Commissioner submitted documents evidencing a disability onset date of January 27, 2009 for the SSI benefits, the Commissioner provided no evidence of the rationale behind the selection of that onset date. [ECF No. 13-2, 13-3]. Moreover, determining a precise onset date is generally not as critical in a case involving SSI, since, regardless of the onset date, payment can only be made beginning the first full calendar month after the application for benefits. *See*, *e.g.*, [ECF No. 12-2] (noting that Mr. Green would receive SSI beginning April, 2009 since he applied on March 1, 2009).

the previous finding of disability and award of SSI benefits at the time of the hearing. (Tr. 1278). Nonetheless, the ALJ did not address that previous finding at any point within his decision.

Mr. Green cites *Lively v. Secretary of Health and Human Servs.*, 820 F.2d 1391 (4th Cir. 1987) for the proposition that *res judicata* prohibits the Commissioner from reaching an inconsistent result in a second proceeding based on evidence already weighed in a claimant's favor in a first proceeding. Pl. Mot. at 4-5. The Commissioner correctly notes that this case can be factually distinguished from *Lively* because (1) the period being considered in Mr. Green's DIB claim (September 1, 2008 through December 31, 2008) predated the Commissioner's prior finding of disability onset on January 27, 2009, and (2) the two findings are not inherently "inconsistent," since the dates are separated by almost one month. However, it is also true that, upon receiving treatment in January, 2009, Mr. Green reported that he had been experiencing symptoms for weeks, and that medical records within the relevant time frame for his DIB claim reflect that he was experiencing right-sided numbness that correlates with the right-sided symptoms resulting in his surgery in early 2009. *See*, *e.g.*, (Tr. 1288) (indicating that right-sided tingling and weakness had developed six weeks prior to the appointment on January 22, 2009); (Tr. 724) (documenting right arm and leg numbness in December, 2008); (Tr. 745) (documenting right hand numbness and right arm weakness in November, 2008). Thus, there is arguable inconsistency between the two decisions, and, like in *Lively, res judicata* principles might apply even though the time periods are not identical, particularly given the close proximity of less than one month. It may be that the ALJ can establish that Mr. Green's condition worsened sufficiently in January to justify the later disability onset date. However, because the ALJ failed to acknowledge the disability finding and provided no analysis or explanation as to why Mr. Green would be found "not disabled" in December but "disabled" in January, I am unable to

ascertain whether the ALJ's determination was supported by substantial evidence.

Mr. Green also contends that the ALJ's analysis of Listing 1.04A did not comport with the dictates of *Radford v. Colvin,* 734 F.3d 288 (4th Cir. 2013). Pl. Mot. 6-9. Without question, the ALJ could have provided some additional factual analysis to support his conclusion that the Listing had not been met or equaled. For example, the ALJ conclusorily asserts that Mr. Green lacks "evidence of nerve root compression accompanied by sensory or reflex loss," (Tr. 22), without citing to any of the medical records that Mr. Green submits contain such evidence, and without reviewing the other criteria in the Listing, such as "neuro-anatomic distribution of pain," "limitation of motion of the spine," or "motor loss." *See* 20 C.F.R. Part 404, Subpart P, App. 1, § 1.04A. Accordingly, since the case is being remanded on other grounds, I recommend that, on remand, the ALJ provide more specific analysis regarding whether Mr. Green experienced each of the relevant criteria of Listing 1.04A within a twelve-month period.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 12];

2. the Court DENY Mr. Green's Motion for Summary Judgment [ECF No. 13];

3. the Court REVERSE IN PART due to inadequate analysis the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the Commissioner for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  February 15, 2017                                                /s/
                                                                  Stephanie A. Gallagher
                                                                  United States Magistrate Judge